119 N.W.2d 304 (1963)
174 Neb. 742
Raymond HOLLAND, for the Benefit of and in Behalf of the VILLAGE OF BROWNVILLE, Nemaha County, Nebraska, Appellant,
v.
BROWNVILLE GRAIN COMPANY, a Corporation, et al., Appellees.
No. 35313.
Supreme Court of Nebraska.
February 1, 1963.
*305 F. W. Carstens, Beatrice, for appellant.
Kennedy, Holland, DeLacy & Svoboda, C. E. Heaney, Omaha, Ferneau, Kiechel & Cullen, Auburn, for appellees.
Heard before WHITE, C. J., and CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.
YEAGER, Justice.
This is an action entitled Raymond Holland, for the benefit of and in behalf of the Village of Brownville, Nemaha County, Nebraska, plaintiff, appellant herein, against Brownville Grain Company, a corporation, William Rogge, Village Board of the Village of Brownville, Nemaha County, Nebraska, Amelia C. Young, Victor Rowell, Roy Hood, Marvin Rebuck, Alfred Pebley, and the Village of Brownville, Nemaha County, Nebraska, defendants, appellees herein. The purpose of the action, as it is declared by the petition which was filed, was to have canceled, annulled, and set aside a lease which was entered into on or about April 1, 1961, by and between Brownville Grain Company and the Village of Brownville, to have declared nonexistent a right of entry to or possession of the area leased, and for an injunction preventing the Brownville Grain Company from interfering with use thereof by the public.
All of the defendants except William Rogge and Brownville Grain Company joined in a special demurrer to the petition. These two filed separate special demurrers.
A ground of all of the demurrers was generally that the plaintiff had no legal capacity to sue, and particularly that the plaintiff as a freeholder of the village was without legal standing or capacity to institute or prosecute the action.
Another ground was that the petition disclosed that there was a defect of parties, it being apparent that the only real parties in interest were the Brownville Grain Company and the Village of Brownville.
Included with the special demurrers was a general one which asserted that the petition did not state facts sufficient to constitute a cause of action. These demurrers were sustained by a single order. The grounds therefor do not appear in the journal entry.
Thereafter an amended petition was filed. Special and general demurrers were filed to this petition attacking it, to the extent necessary to point out here, on the same grounds as were asserted against the original petition. These demurrers were sustained. The grounds on which they were sustained do not appear.
A second amended petition was filed. Demurrers of a character similar to the earlier demurrers were duly filed and, as in the earlier instances, they were sustained without statement of reason therefor. By the *306 order and judgment of the court the action of the plaintiff was dismissed. Thereafter a motion for new trial was filed which was overruled. It is from this order overruling the motion for new trial and the judgment of dismissal that the plaintiff has appealed.
Four assignments of error are asserted in the brief as grounds for reversal of the judgment of the district court. By all of them it is contended that the court erred in sustaining the special demurrers which were interposed by the defendants.
By the first it is urged that the plaintiff did have legal capacity to sue.
By the second it is insisted that the special demurrer of the Brownville Grain Company was improperly sustained for the reason that this defendant was a contracting party to the lease which has been mentioned.
By the third it is insisted that the special demurrer of the other defendants should have been overruled for the reason that as a taxpayer the plaintiff had legal capacity to sue and to seek relief from these defendants.
The fourth assignment declares only that the sustaining of the special demurrers was contrary to law.
There is no assignment by which it is asserted that the general demurrers which were asserted along with all of the special demurrers were improperly sustained.
The first of these assignments will be considered first herein. This of course requires analysis of the status of the plaintiff as declared by the petition or petitions. It is of course true that the legal capacity of the plaintiff to maintain the action as against demurrer must be sufficiently alleged.
As indicated this is an action to set aside and to have declared invalid a lease which is attached to and made a part of the petitions. The land is described in the lease by metes and bounds but no good purpose could be served by setting forth the description here. The petitions by their terms do not declare the specific location of the land. By recital the lease declares the location to be in the village of Brownville. Title to and ownership of the land are not declared. The only reference to title or ownership in the original petition is the following: "Plaintiff further alleges and states that the Village Board of Brownville, Nebraska, was not the owner of the premises which said Village Board attempted to lease to defendant Brownville Grain Company; * * *."
The reference to ownership in the amended petition was the following: "Plaintiff further alleges and states that he is bringing this action in good faith upon the representation that the Village Board of Brownville, Nebraska, is not the owner of the premises which are contained in this lease."
In the second amended petition the following appears: "Plaintiff further alleges and states that he is acting in good faith in bringing this action and is acting upon the representation made by the Village Board of Brownville, Nebraska that the Village of Brownville is the owner of the premises which are contained in this lease."
Turning now to the personal or individual rights of the plaintiff in and to the land or its use, it is pointed out that in the first petition no claim was made.
The amended petition contains the following: "That plaintiff as a taxpayer, resident and citizen of the Village of Brownville, Nemaha County, Nebraska, has for years used the ground involved in this transaction for the purpose of gaining access to the Missouri River, * * * for himself, his family and for all taxpayers of the Village of Brownville; that being deprived of the use thereof, as he and all taxpayers of the Village of Brownville would be if this lease were to remain in force, would constitute an injury to him and to them." This was substantially repeated in the second amended petition.
*307 No other kind or character of right in favor of the plaintiff is declared by the plaintiff in his various pleadings. It is observable that no right of ownership acquired by purchase, adverse possession, or use of this real estate is declared by the pleadings to be in the Village of Brownville or the plaintiff.
As to the Village of Brownville, the allegations of the petitions do not declare that the lease entails any illegal expenditure of public funds or that it involves in anywise an increase in the burden of municipal taxation. To the extent mentioned therein the following from the lease negatives the existence of a burden imposed on the Village of Brownville: "Lessor makes no warranties of any kind or nature whatsoever of its title to the said leased premises and any and all expenses necessary or incident to the sufficiency of the title of Lessor thereto, or to the defense against any claims of other parties to said real estate, * * *, shall be the responsibility of, and shall be assumed, borne and paid by Lessee."
Before it may be said that a plaintiff has stated a cause of action which is not vulnerable to demurrer, his petition must conform to the following exactions: "One seeking equity to restrain an act of a municipal body must show some special injury peculiar to himself aside from and independent of the general injury to the public unless it entails an illegal expenditure of public funds or involves an illegal increase in the burden of municipal taxation." Martin v. City of Lincoln, 155 Neb. 845, 53 N.W.2d 923. See, also, Chizek v. City of Omaha, 126 Neb. 333, 253 N.W. 441; Kirby v. Omaha Bridge Commission, 127 Neb. 382, 255 N.W. 776.
It is clear from what has been said that the petitions of the plaintiff fail to contain any pleaded facts which amount to a special injury peculiar to himself, and further the petitions do not plead any injury to the public which would involve illegal expenditure of public funds or increase the burden of municipal taxation. For this reason a discussion of the other assignments of error is not deemed necessary.
The judgment of the district court sustaining the demurrers and dismissing the action is affirmed.
Affirmed.